IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| LEONARD CHARLES HENDRICKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:14-CV-119-MEF |
| | ) | [WO] |
| | ) | |
| JUDGE PAMELA R. HIGGINS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

### I.  INTRODUCTION

This case is before the court on a 42 U.S.C. § 1983 complaint filed by Leonard

Charles Hendricks ["Hendricks"], an indigent inmate presently confined at the Montgomery

County Detention Facility, against Pamela R. Higgins, a district judge for Montgomery

County, Alabama, Carrie E. Gray, an assistant district attorney, and Samuel L. Masdon, III,

the attorney representing him during state criminal proceedings.  Hendricks seeks dismissal

of the pending state criminal charge and his immediate release from confinement.  In this

complaint, Hendricks presents identical claims for relief as a prior complaint filed in

*Hendricks v. Higgins, et al.*, Civil Action No. 2:14-CV-24-TMH-CSC (M.D. Ala.).[1]  Thus,

---

[1] The only difference in the two civil actions is that Hendricks omits his request for monetary damages in the instant complaint.

the court concludes that summary dismissal of this case as malicious is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i).[2]

## II.  DISCUSSION

A federal court is empowered to dismiss a prisoner's *in forma pauperis* complaint as malicious and the "district court is vested with especially broad discretion in determining whether such a dismissal is warranted." *Bailey v. Johnson,* 846 F.2d 1019, 1021 (5th Cir. 1988).   The present claims of alleged constitutional violations are identical to those presented in *Hendricks v. Higgins, et al.*, Civil Action No. 2:14-CV-24-TMH-CSC.  A complaint is malicious when the plaintiff asserts against the same defendants virtually identical causes of action "arising from the same series of events and alleging many of the same facts as an earlier suit." *Bailey*, 846 F.2d 1021; *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (*in forma pauperis* complaint that merely repeats pending or previously litigated claims may be considered abusive and summarily dismissed as either frivolous or malicious under § 1915); *McWilliams v. State of Colo.,* 121 F.3d 573, 574 (10th Cir. 1997) (section 1983 complaint which consisted of the same claims presented by plaintiff in prior cause of action properly dismissed as frivolous); *Van Meter v. Morgan,* 518 F.2d 366, 368 (8th Cir. 1975) (complaint "which deals with issues directly related, if

---

[2] The court granted Hendricks leave to proceed *in forma pauperis* in this case.  *Order of February 26, 2014 - Court Doc. No. 3*.  A prisoner who is allowed to proceed *in forma pauperis* will have his/her complaint screened under the provisions of 28 U.S.C. § 1915(e)(2)(B) which requires this court to dismiss a prisoner's complaint if it determines that the complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

not identical, to" previously filed complaint subject to summary dismissal as frivolous); *Bazemore v. Casey*, 433 Fed.Appx. 326, 327 (5th Cir. 2011) (affirming district court's "dismissal of case as malicious because the instant case and plaintiff's prior case involve 'the same series of events' and contain 'many of the same facts.'").  "Dismissal of the duplicative lawsuit ... promotes judicial economy and the comprehensive disposition of litigation."  *Adams v. California*, 487 F.3d 684, 692 (9th Cir. 2007).

In Hendricks' prior civil action, the undersigned issued a Recommendation that the case be dismissed prior to service of process in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii).  Specifically, the Recommendation determined that: (i) The requests for declaratory relief from orders issued by the courts of Montgomery County, Alabama should be dismissed as Hendricks previously or currently possessed the ability to challenge such orders in those courts or the state appellate courts; (ii) The claims for monetary damages were subject to dismissal with prejudice as defendants Higgins and Gray were entitled to immunity from such relief and defendant Masdon is not a state actor subject to liability in a 42 U.S.C. § 1983 action; and (iii) The claims which challenged the constitutionality of the criminal charges pending against Hendricks before the Circuit Court of Montgomery County, Alabama should be dismissed as such claims are not cognizable in a 42 U.S.C. § 1983 action at this time.  *Hendricks v. Higgins, et al.*, Civil Action No. 2:14-CV-24-TMH-CSC -- *Recommendation of the Magistrate Judge - Doc. No. 4* at 2-10.

The court further advised Hendricks that "[t]o the extent [he] seeks release from confinement, it is well settled that a state prisoner may challenge the fact of his imprisonment only by way of a federal petition for writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). An inmate cannot proceed on such a claim in a 42 U.S.C. § 1983 action so as to avert the exhaustion requirements attendant to habeas actions. *Richardson v. Fleming*, 651 F.2d 366 (5th Cir. 1981); *Keenan v. Bennett*, 613 F.2d 127 (5th Cir. 1980). In addition, before a claim challenging the fact of an inmate's confinement may be heard in federal court, the inmate must first exhaust available state court remedies. *Georgalis v. Dixon*, 776 F.2d 261 (11th Cir. 1985); *Walker v. Zant*, 693 F.2d 1087 (11th Cir. 1982). These remedies include a motion for speedy trial, direct appeal or Rule 32 petition raising claims which go to the validity of any conviction which may be imposed, including but not limited to the speedy trial issue and claims of ineffective assistance of counsel, and a general state petition for habeas relief challenging the setting of allegedly excessive bail. *Ex parte Stokes*, 990 So.2d 852, 856 (Ala. 2008) (internal citations omitted) ('A petition for a writ of habeas corpus is the proper vehicle by which to challenge the setting of allegedly excessive bail.... However, such a petition must be filed within a reasonable time.'). Upon full and proper exhaustion in state court, the plaintiff may then seek relief from this court with respect to these claims through an appropriate action for habeas corpus relief." *Hendricks v. Higgins, et al.*, Civil Action No. 2:14-CV-24-TMH-

4

CSC -- *Recommendation of the Magistrate Judge - Doc. No. 4* at 8-9, n.3.

The circumstances warranting dismissal of Hendricks' claims are unchanged. Consequently, the complaint filed by Hendricks in the instant cause of action is malicious and dismissal of such complaint prior to service of process is therefore appropriate under 28 U.S.C. § 1915(e)(2)(B)(i). *Bazemore*, 433 Fed.Appx. at 327; *Cato*, 70 F.3d at 1105; *Bailey*, 846 F.2d at 1021.

## III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed as malicious prior to service of process in accordance with the provisions of 28 U.S.C. §1915(e)(2)(B)(i).  It is further

ORDERED that **on or before March 12, 2014,** the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from

attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc*., 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 26th day of February, 2014.

_____/s/Charles S. Coody_____
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE